UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHANIE BRABHAM and MICHAEL
ROBERTS,

    Plaintiffs,

v.                                                 Case No:    2:13-cv-535-FtM-29DNF

4 GUYS PIZZA, LLC,

    Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on the parties' Joint Motion to Approve Settlement and for Entry of Judgment in FLSA Matter (Doc. 15) filed on December 2, 2013, and the Settlement Agreement (Doc. 15-1). The Plaintiffs, Stephanie Brabham and Michael Roberts and the Defendant, 4 Guys Pizza, LLC are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

    To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the

settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff, Stephanie Brabham allegedly worked for the Defendant as a Delivery Driver, Shift Leader, and then Assistant Manager from approximately June 9, 2011 until March of 2013. (Doc. 1, p. 3).  The Plaintiff, Michael Roberts worked for the Defendant from approximately January 2010 through April 27, 2013 as a Delivery Driver and then Assistant Manager. (Doc. 1, p. 5). Even though the parties agreed to settle this matter, the Defendant disputes that the Plaintiffs are entitled to any relief from their claims in this case. The parties have agreed to resolve this matter to avoid the uncertainties of litigation, and additional attorneys' fees. The parties agreed to pay each Plaintiff the sum of $8,000.00 for overtime wages less any applicable taxes and deductions.

The Defendant agrees to pay attorneys' fees and costs in the amount of $4,575.00.   The amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery. Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between

an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*. In the instant case, the settlement was reached, and the attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiffs. The Settlement Agreement (Doc. 15-1) appears reasonable on its face. Therefore, the Court finds this settlement to be fair and reasonable.

The parties are requesting that the Court retain jurisdiction over this matter. The Court finds no reason to retain jurisdiction indefinitely as the parties have agreed to a payment plan allowing ten (10) equal monthly installments of the payments to be made (See, Doc. 15-1, p. 3). Therefore, the Court will recommend that it retain jurisdiction for a period of one (1) year.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the Joint Motion for Approval of Settlement and for Entry of Judgment in FLSA Matter (Doc.15) be **GRANTED** and the Settlement Agreement (Doc. 15-1) be

approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court recommends that it retain jurisdiction over this case for a period of one (1) year.

3) The Court further recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 5, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties